**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | |
|---|---|
| **JANET FARROW** | : Civil Action No.: _____ |
| 12706 Bristow Rd. | : |
| Noakesville, VA 20181 | : Judge: _____ |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **CITY OF VANCEBURG** | : |
| 189 Second Street | : |
| Vanceburg, KY 41179 | : |
| | : |
| Defendant. | : |
| | : |

---

**COMPLAINT FOR DECLARATORY, MONETARY,**
**AND INJUNCTIVE RELIEF WITH JURY DEMAND**

---

Plaintiff Janet Farrow states the following for her Complaint against Defendant the City of Vanceburg:

**INTRODUCTION**

1.     This is an action under 42 U.S.C. § 1983 to remedy the City of Vanceburg's deprivation of Ms. Farrow's right to access and petition her government representatives, so that she could freely express her opinions as to matters of public concern. Vanceburg operates a Facebook page called "City of Vanceburg." The Facebook page is open to the public and the members of the public are allowed to comment on the Page's posts. In blatant disregard of Ms. Farrow's First Amendment rights, Vanceburg blocked Ms. Farrow from viewing and accessing the page after she expressed critical viewpoints.

**PARTIES**

2.     Plaintiff Janet Farrow ("Ms. Farrow" or "Plaintiff") is a resident of Virginia, but has property in Vanceburg, Kentucky. Therefore, Ms. Farrow has interests in the City of Vanceburg and its governmental operations.

3.     Defendant City of Vanceburg ("Defendant") is a unit of local government formed under the laws of the Commonwealth of Kentucky located in Lewis County Kentucky. Defendant is a "person" capable of being sued under 42 U.S.C. § 1983, and its agents acted under the color of law.

**JURISDICTION AND VENUE**

4.     Jurisdiction over Ms. Farrow's claims for declaratory and injunctive relief is proper in this Court pursuant to 28 U.S.C. §§ 1331(a), 1343(3), and 1343(4).

5.     Venue is proper in this Court because the transactions, occurrences, and injuries occurred in Lewis County, Kentucky.

**BACKGROUND FACTS**

6.     Ms. Farrow owns property in Defendant's city.

7.     Ms. Farrow has an interest in the operation of Defendant's city and stays apprised of the happenings in the city.

8.     Ms. Farrow is a transparency advocate.

9.     Ms. Farrow asked the Mayor and City Council questions about oversight of the mandated ethics board because she believed the mayor and a contractor had a conflict of interest.

10.     Defendant never provided Ms. Farrow with this information.

11.     At some point, Defendant changed its public participation section during its public meetings.

12.     This change limited the amount of time speakers could speak, and it required speakers to sign up in advance of the meeting to address Council.

13.     Ms. Farrow wrote a letter to the editor of the Lewis County Hearld criticizing this decision.

14.     Ms. Farrow wrote that "[t]his type of action is a serious threat to our right to speak." (Exhibit A)

15.     Ms. Farrow wrote in her opinion the new time limits and registration requirements were "made in haste due to an unpleasant experience at one of the meetings," and she encouraged the Mayor and City Council to reconsider their decision. (Id.)

16.     It is believed that the Mayor and City Council were aware of this letter to the editor.

17.     Defendant operates a Facebook Pages called "City of Vanceburg" (hereinafter "Facebook Page").[1]

18.     The Facebook Page's address is www.facebook.com/vanceburgvoice.[2]

19.     Upon information and belief, this Facebook Page once was titled "Vanceburg Voice."

20.     Shortly after criticizing the Mayor and City Council and inquiring about an ethics board, Defendant blocked Ms. Farrow from the Facebook page.

---

[1] *City of Vanceburg,* https://www.facebook.com/vanceburgvoice (last visited January 21, 2024).
[2] Id.

21. Ms. Farrow regularly visited Defendant's Facebook Page to stay informed on the happenings of Vanceburg.

22. Defendant links to this Facebook Page from its official website www.cityofvanceburg.com.[3]

23. The Facebook Page has Defendant's seal at the top.

24. The Facebook Page states that this page is "[t]he official Facebook Fan Page of the City of Vanceburg." And goes on to say "[w]e reserve the right to remove or moderate any and all posts."[4]

25. According to the About section of the Facebook Page the page "was created to benefit the citizens of our small town. With the rise in social networking, fans can use the power of Facebook to receive updates on city events, community outreach and local business."[5]

26. The contact number on the Facebook Page is the official city phone number.

27. The email on the Facebook Page is greta.may@cityofvanceburg.com.

28. Greta May is Defendant's city clerk.

29. The Facebook Page links to Defendant's website.

30. The Facebook Page post community events, government programs, and matters of public concern such as: (1) Defendant's Christmas parade; (2) Defendant's storage of the military heroes' banners; (3) Defendant's park schedule, (4) Defendant's music festivals; (5) Defendant's advertisements for open police officer position; and (6) many more government events and programs.

---

[3] Id.
[4] Id.
[5] Id.

4

31.    The Facebook Page allows the public to make favorable comments such as:

a) "I love this and am so proud of our little town, mayor Dane Blankenship's leadership and our city of Vanceburg employees for their dedication to our community. Thank you all."

b) "This is so nice to see a town reaching out to help a family God bless."

c) "Thank you all the cops, Mayor Blankenship & all who participated 💗"

d) "Great job guys! You're the best!"

32.    Visitors to the Facebook page may post comments under any post, expressing their views on the topic, or may "like" posts to show their approval or endorsement.

33.    The Facebook Page posts often have many favorable comments of the Mayor and the City officials.

34.    Defendant allows members of the public to comment on posts on the page.

35.    There are often multiple comments of praise on the posts on the page.

36.    Yet, when Ms. Farrow was critical of the Mayor and City Council, Defendant blocked her from viewing and posting comments on the page. (Exhibit B)

37.    Ms. Farrow sent City Clerk Greta May an email asking why she had been blocked from the City's Facebook Page. (Exhibit C).

38.    Defendant has not responded to this email.

39.    Defendant has continued to block Ms. Farrow.

40.    Defendant has damaged Ms. Farrow.

## COUNT I
### 42 U.S.C.§ 1983 – FIRST AMENDMENT VIOLATION

41. Ms. Farrow restates and incorporates all paragraphs.

42. When the government opens a forum for speech, it must not discriminate on the speakers' viewpoints.

43. Defendant intended to create a public forum when it opened the "official" City of Vanceburg Facebook page and allowed members of the public to use the page's interactive features to comment on issues of public concern.

44. Defendant's Facebook page is a tool of governance to inform the public about matters of public concern.

45. The Facebook Page explains that it is the "official" page of the City of Vanceburg.

46. Defendant empowers the Clerk with the power to operate and moderate the Facebook page.

47. Other than reserving the right to "remove or moderate any and all posts," Defendant placed no restrictions on the public's access to the page or use of the comment section.

48. Defendant allows members of the public to comment on posts on the page.

49. Defendant blocked Ms. Farrow because she was critical of Defendant and its Mayor.

50. The blocking of Ms. Farrow was according to Defendant's policy and an action of Defendant's final decision maker.

51.    Defendant applied unconstitutional prior restraints to chill and silence Ms. Farrow's criticisms because Defendant does not agree with or want to listen to Ms. Farrow's viewpoints.

52.    Defendant's actions and prior restraints are viewpoint based and violate the First Amendment.

53.    By blocking Ms. Farrow from the Facebook Page, Defendant violated Ms. Farrow's First Amendment Right to access information.

54.    The information on the Facebook page is not accessible elsewhere.

55.    Defendant has damaged Ms. Farrow.

56.    Ms. Farrow is entitled to all damages including attorney's fees, nominal damages, compensatory damages, injunctive relief, declaratory relief, and other damages as permissible under law.


### COUNT II
### 42 U.S.C. § 1983 – FIRST AMENDMENT – VAGUENESS & OVERBREADTH

57.    Ms. Bole restates and incorporates all previous paragraphs.

58.    A time, place, and manner policy is void for vagueness if it fails to provide a person of ordinary intelligence fair notice of what is prohibited, and it provides a decisionmaker the unbridled discretion to restrict viewpoints. .

59.    Defendant's speech policies are so vague that no reasonable objective person could determine what speech was allowed in the comment section of the Facebook Page.

60.    The Facebook speech regulations are facially vague and overbroad.

61.    Defendant claims that it has "the right to remove or moderate any and all posts."

62.    However, Defendant provides no guidance on what speech or content is not permissible.

63.    This restriction is not reasonable.

64.    The Policy has a chilling effect on speech.

65.    Ms. Farrow is entitled to all damages including attorney's fees, nominal damages, compensatory damages, injunctive relief, declaratory relief, and other damages as permissible under law.

**WHEREFORE** Ms. Farrow respectfully requests that this Court issue judgment in her favor on all counts and award her the following relief:

A. A declaration that the Defendant's actions constitute a violation of Ms. Farrow's First Amendment rights;

B. Compensatory damages;

C. Nominal damages;

D. Injunctive relief precluding the Defendant from restraining Ms. Farrow's speech;

E. Order monetary damages for violations of Plaintiffs' civil rights;

F. An award of reasonable attorney fees pursuant to 42 USC § 1988;

G. Litigation costs and expenses; and

H. Any other actual damages or equitable relief the Court deems fit under the circumstances.

Respectfully Submitted,

/s/ Robert L. Thompson
**Robert L. Thompson (KY: 98791)**
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, KY 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com


/s/ Matthew Miller-Novak
**Matthew Miller-Novak (KY: 98681)**
Barron, Peck, Bennie, &
Schlemmer, Co. LPA
3074 Madison Road,
Cincinnati, OH 45209
Phone: 513-721-1350
Fax: 513-721-2301
MMN@BPBSLaw.com

*Attorneys for Plaintiff*


## JURY DEMAND

Ms. Farrow demands a jury on all triable issues.

/s/ Robert L. Thompson

9